IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARRELL WAYNE SIMPSON, et al.,** | ] | |
| **Plaintiffs,** | ] ] ] | |
| v. | ] ] | 2:19-cv-1110-ACA |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-R11, et al.,** | ] ] ] ] ] ] ] ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") unopposed motion for summary judgment. (Doc. 31; *see* Docs. 35, 37).

Plaintiffs Darrell Wayne Simpson and Sheena Simpson filed this lawsuit against their mortgage servicer, Ocwen, asserting a number of claims relating to their mortgage. (Doc. 1-1). The only claims remaining are for: (1) unjust enrichment ("Count Three"); (2) violations of the Telephone Consumer Protection Act ("TCPA") ("Count Nine"); and (3) declaratory relief ("Count Ten"). (Doc. 1-1 at 6–7, 14–15; *see* Docs 29, 30).

The court **GRANTS** the motion for summary judgment. Because the Simpsons have presented no evidence that Ocwen unjustly retained any benefit

provided by them, they cannot prevail on their claim of unjust enrichment. Because the Simpsons have not presented any evidence that they received telephone calls from an automated telephone dialing system, they cannot prevail on their claim under the TCPA. And because their underlying claims fail, the Simpsons cannot prevail on their request for a declaratory judgment. The court therefore **WILL ENTER SUMMARY JUDGMENT** in favor of Ocwen and against the Simpsons on Counts Three and Nine, and **WILL DISMISS** Count Ten **WITH PREJUDICE**.

I.   BACKGROUND

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted). Although the Simpsons did not file a timely response to the motion for summary judgment, the court has reviewed "all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). The court draws its description of the facts from those evidentiary materials.

Ocwen services a loan that the Simpsons took out, secured by a mortgage on their property. (*See* Doc. 11-2; Doc. 31-2 at 8–17). During a phone call with Ocwen in July 2015, Ms. Simpson orally consented to Ocwen calling her using its

automated phone system. (Doc. 31-2 at 4–5 ¶¶ 7–8). In November 2017, Ms. Simpson again orally consented to Ocwen calling her using its automated phone system. (*Id.* at 5 ¶¶ 9–10). And in December 2017, the Simpsons executed a loan modification agreement with Ocwen, part of which provides that they consent to Ocwen contacting them "at any telephone number" about "mortgage assistance relating to [their] loan." (*Id.* at 5–6 ¶¶ 11–14; *id.* at 12). Both the original mortgage agreement and the loan modification agreement require the Simpsons to pay the loan principal, interest, escrow amounts. (Doc. 11-2 at 5; Doc. 31-2 at 10).

The only claims remaining relate to the Simpsons' allegations that Ocwen improperly serviced their loan by accepting payments but not applying those payments to their account, or improperly returning payments to them (doc. 1-1 at 4 ¶ 13), and used an automatic telephone dialing system to call their cell phones (*id.* at 14 ¶ 66). Because the Simpsons did not timely respond to the motion for summary judgment, they have presented no evidence relating to those claims. In addition, Ocwen presented evidence that the Simpsons did not serve or respond to discovery requests, nor did they appear for their depositions. (Doc. 31-3 at 3 ¶ 4, 5–6 ¶¶ 19–22).

## II.   DISCUSSION

Ocwen moves for summary judgment on the claims of unjust enrichment and violations of the TCPA and the request for declaratory relief. (Doc. 31). Summary

3

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the Simpsons did not file a timely response to Ocwen's motion for summary judgment, this court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101. The court has reviewed all of the evidence presented and will discuss each claim in turn.

    *a. Count Three (Unjust Enrichment)*

In Count Three, the Simpsons assert that Ocwen was unjustly enriched by their payment of fees, insurance proceeds, and equity in the home. (Doc. 1-1 at 6 ¶ 26). An unjust enrichment claim requires a plaintiff to show: "(1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Matador Holdings, Inc. v. HoPo Realty Invs., LLC*, 77 So. 3d 139, 145 (Ala. 2011) (quoting *Portofino Seaport Vill., LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008)). A defendant's retention of a benefit must be unjust. *Id.* at 146. To establish unjust retention, a plaintiff must present evidence that "the donor of the benefit acted under a mistake of fact or in misreliance on a right or duty, or . . . the recipient of the benefit engaged in some unconscionable

4

conduct, such as fraud, coercion, or abuse of a confidential relationship." *Id.* (alterations and quotation marks omitted).

Ocwen contends that this claim fails because the Simpsons have not proffered any evidence of a benefit that they provided to Ocwen for which they had a reasonable expectation of compensation, or that Ocwen's retention of any benefit was unjust. (Doc. 32 at 11). The court agrees. There is no evidence in the record that the Simpsons provided any benefit to Ocwen at all, much less that Ocwen retained a benefit or that the retention of any benefit was unjust. No reasonable juror could find Ocwen liable for unjust enrichment based on this record. Accordingly, the court **GRANTS** the motion and **WILL ENTER SUMMARY JUDGMENT** in favor of Ocwen and against the Simpsons on Count Three.

    *b. Count Nine (Telephone Consumer Protection Act)*

In Count Nine, the Simpsons assert Ocwen violated the TCPA by using an automatic telephone dialing system to call their cell phones between June 2015 and February 2019.[1] (Doc. 1-1 at 14 ¶ 66). Ocwen contends summary judgment is appropriate because the Simpsons cannot present evidence that it used an automatic telephone dialing system and, in any event, the Simpsons consented to receive phone calls from Ocwen. (Doc. 32 at 15–19).

---

[1] The Simpsons have standing to assert this claim. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019).

The TCPA prohibits "any person" from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). An "automatic telephone dialing system" is a system that "has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

No reasonable jury could find Ocwen liable for violations of the TCPA. The Simpsons have not presented any evidence that Ocwen called them at all, much less that it used a system that qualifies as an "automatic telephone dialing system." *See* 47 U.S.C. § 227(a)(1); *see Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) (discussing what qualifies as an "automated telephone dialing system"). Moreover, the Simpsons consented in writing to receiving phone calls from Ocwen about "mortgage assistance relating to [their] loan" (doc. 31-2 at 5–6 ¶¶ 11–14; *id.* at 12), and Ms. Simpson twice orally consented to receive phone calls from Ocwen (*id.* at 4–5 ¶¶ 7–810). Ocwen has therefore presented evidence that it had the Simpsons' prior express consent to call them, and the Simpsons have not presented any evidence that they revoked their consent. Accordingly, the court **GRANTS** the motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of Ocwen and against the Simpsons on Count Nine.

c. *Count Ten (Declaratory Relief)*

In Count Ten, the Simpsons request an order declaring that they are not in default of their mortgage agreement, that the notice of default is void, that Ocwen has no right or authority to foreclose on their property, and that Ocwen improperly serviced the mortgage loan account and breached the contract. (Doc. 1-1 at 15 ¶ 68). Ocwen contends summary judgment is appropriate because the Simpsons' underlying claims fail. (Doc. 32 at 19–20). The court agrees. The Simpsons have presented no evidence from which the court could conclude that a reasonable factfinder could enter a declaratory judgment in their favor. Accordingly, the court **GRANTS** Ocwen's motion and **WILL DISMISS** Count Ten **WITH PREJUDICE**.

### III. CONCLUSION

The court **GRANTS** the motion for summary judgment, **WILL ENTER SUMMARY JUDGMENT** in favor of Ocwen and against the Simpsons on Counts Three and Nine, and **WILL DISMISS** Count Ten **WITH PREJUDICE**.

The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this October 15, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE